IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CODY KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. <u>1:21-cv-04688-LMM</u> |
| RAUNAK ENTERPRISES INC, and | ) | |
| JUNE PROPERTIES INC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, CODY KING, by and through the undersigned counsel, and files this, his Complaint against Defendants RAUNAK ENTERPRISES INC and JUNE PROPERTIES INC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2.      Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff CODY KING (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Conyers, Georgia (Rockdale County).

4.      Plaintiff is a paraplegic and is disabled as defined by the ADA.

5.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6.      Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.      Defendant RAUNAK ENTERPRISES INC (hereinafter "Raunak") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8.      Raunak is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The contiguous, multi-tenant structure and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

9.      Raunak may be properly served with process via its registered agent for service, to wit: Lazarus Rebello, 2799 Plennie Lane, Lawrenceville, Georgia, 30044.

10.      Defendant JUNE PROPERTIES INC (hereinafter "June") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

11.      June is the owner (or co-owner) of the Facility and Property.

12.      June may be properly served with process via its registered agent for service, to wit: Kimberly Kline, 1465 Northside Drive, N.W., Suite 220-C, Atlanta, Georgia 30318.

## FACTUAL ALLEGATIONS

13.      On or about September 21, 2021, Plaintiff was a customer at "Fritz Food," a business that operates within the Facility and upon the Property.

14.      Plaintiff lives approximately four (4) miles from the Facility and Property.

15.      Plaintiff's access to the businesses located at 3421 SE Highway 20, Conyers, Georgia 30013 (Rockdale County Property Appraiser's parcel number 078011019C), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein

were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16.    Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

17.    Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18.    Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

20.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

4

21.     The effective date of Title III of the ADA was January 26, 1992 (or

January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of

$500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.     The Facility is a public accommodation and service establishment.

23.     The Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

the Department of Justice and Office of Attorney General promulgated federal

regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations

by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28

C.F.R. § 36.508(a).

26.     Liability for violations under Title III or the ADA falls on "any person

who owns, leases (or leases to), or operates a place of public accommodation." 42

U.S.C. § 12182(a).

27.     The Facility must be, but is not, in compliance with the ADA and

ADAAG.

28.     The Property must be, but is not, in compliance with the ADA and

ADAAG.

29.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility

and Property, as prohibited by, and by failing to remove architectural barriers as

required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendants will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendants are compelled to remove all

physical barriers that exist at the Facility and Property, including those specifically

set forth herein, and make the Facility and Property accessible to and usable by

Plaintiff and other persons with disabilities.

33.     A specific list of unlawful physical barriers, dangerous conditions and

ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Facility and Property and the full and equal

enjoyment of the goods, services, facilities, privileges, advantages and

accommodations of the Facility and Property include, but are not limited to:

    **(a)     EXTERIOR ELEMENTS:**

    (i)     The accessible parking space on the Property and its adjacent

        access aisle each have a slope and cross-slope in excess of 1:48

        (one to forty-eight), and are not level, in violation of section

        502.4 of the 2010 ADAAG standards.

    (ii)     The access aisle adjacent to the accessible parking space on the

Property also has significant amounts of broken pavement within its boundaries, resulting in numerous vertical rises in excess of ¼" (one quarter inch), in violation of section 502.4 of the 2010 ADAAG standards.

(iii)   The ground surfaces of the accessible route on the Property have vertical rises in excess of ¼" (one quarter inch) in height, and at certain points, in excess of 1" (one inch), have broken and unstable surfaces, in violation of section 403.2 of the 2010 ADAAG standards.

(iv)   The operable parts on the fuel dispensers on the Property are at a height exceeding 54" (fifty-four inches) from the surface of the vehicular way, in violation of section 308.3.1 of the 2010 ADAAG standards.

(v)   The ground surface within the required maneuvering clearances at the door to the entrance of the Fritz Food portion of the Facility has improper changes in level, in violation of section 404.2.4.4 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)   The interior of the Fritz Food portion of the Facility has sales

and service counters and/or fixtures that are blocked, creating a forward reach of greater than 44" (forty-four inches), in violation of section 308.2.1 of the 2010 ADAAG standards.

(ii)     The Fritz Food portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii)    The restroom in the Fritz Food portion of the Facility lacks proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iv)    The door to the restroom in the Fritz Food portion of the Facility has a minimum clear width less than 32" (thirty-two inches), in violation of section 404.2.3 of the 2010 ADAAG standards.

(v)     The restroom in the Fritz Food portion of the Facility also does not provide for permissible width and minimum maneuvering clearance upon entry due to the clear width being blocked by a sink, in violation of sections 404.2.3 and 404.2.4 of the 2010 ADAAG standards.

(vi)    There is inadequate clear turning space in the restroom in the

Fritz Food portion of the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(vii)   The restroom in the Fritz Food portion of the Facility does not have grab bars adjacent to the commode therein, in violation of section 604.5 of the 2010 ADAAG standards.

(viii)   The soap dispenser in the restroom in the Fritz Food portion of the Facility is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ix)   The sink in the restroom in the Fritz Food portion of the Facility has exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

34.   Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to utilize the fuel pumps servicing the Property, more difficult and dangerous for Plaintiff to travel upon the accessible routes on the Property, more difficult for Plaintiff to enter and exit the Fritz Food portion of the Facility, and render the restroom inaccessible to Plaintiff.

35.   The Facility and Property have not been adequately maintained in

operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

36.    Upon information and good faith belief, Defendants each fail to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

37.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

38.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

39.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.    All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees

and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Raunak in violation of the ADA and ADAAG;

(b)     That the Court find June in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 12, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich